# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANDY N. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-447-FHS-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Candy N. Smith requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on September 15, 1972, and was thirty-seven years old at the time of the administrative hearing. She earned her GED and has no past relevant work (Tr. 25, 36). The claimant alleges that she has been unable to work since September 1, 1982, because of fibrosis of the liver (due to hepatitis B), fibromyalgia, chronic fatigue syndrome, and depression (Tr. 123).

### Procedural History

The claimant applied for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-8, on January 28, 2008. The Commissioner denied her application. ALJ Lantz McClain held an administrative hearing and determined that the claimant was not disabled in a written opinion dated February 22, 2010. The Appeals Council denied review, so this opinion is the Commissioner's final decision for purposes of appeal. 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to lift/carry 10 pounds frequently and 20 pounds occasionally, stand/walk or sit for six hours in an eight-hour work day, and that claimant should avoid repetitive tasks requiring constant use of her

hands (Tr. 23). The ALJ found that the claimant was not disabled because there was other work the claimant could perform in the national economy, *i. e.*, hand packager and messenger/helper (Tr. 26).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly consider the opinion of state reviewing physician Dr. Laura Lochner regarding her mental health limitations and (ii) by failing to properly analyze the opinion of state reviewing physician Dr. Carmen Bird with regard to her physical limitations. The undersigned Magistrate Judge agrees with the claimant's arguments.

The claimant received most of her medical treatment through Indian health services at three clinics: Pawhuska Indian Health, Claremore Indian Hospital, and Three Rivers Indian Clinic. She frequently complained of and received regular medical treatment for arthralgias, fatigue, and depression (Tr. 307, 307, 317, 318, 322, 323, 330, 344, 345, 350, 395, 396, 426, 427, 429, 491, 554, 555, 607). On February 4, 2009, the claimant was diagnosed with bilateral carpal tunnel syndrome and a bilateral carpal tunnel release was planned "pending Contract Health approval." (Tr. 487). The claimant testified, however, that she had yet to undergo the operation because the funding had not been approved for the surgery (Tr. 41). As a result of contracting hepatitis B at the age of ten, the claimant had elevated liver enzymes and developed fibrosis of the liver. (Tr. 451-52). The claimant underwent a laparoscopic cholecystectomy to remove her gallbladder on April 25, 2006. (Tr. 443-44).

State examining physician Dr. Ravinder Kurella conducted a physical evaluation of claimant on April 5, 2008 (Tr. 260-66). While Dr. Kurella's evaluation was within normal limits, he did note that claimant "had enough tender points to classify for the diagnosis of fibromyalgia" (Tr. 262).

State reviewing physician Dr. Carmen Bird completed a Physical Residual Functional Capacity Assessment on May 1, 2008. (Tr. 267-74). Dr. Bird found that claimant was capable of occasionally lifting/carrying ten pounds, frequently lifting/carrying less than ten pounds, standing/walking for two hours in an eight-hour workday, and sitting for about six hours in an eight-hour workday (Tr. 268). Dr. Bird's assessment was affirmed by state reviewing physician Dr. Thurma Fiegel, M.D. (Tr. 314).

State reviewing physician Dr. Laura Lochner completed a Psychiatric Review Technique (PRT) on May 9, 2008. (Tr. 283-300). Dr. Lochner found that the claimant exhibited symptoms of both affective disorders and anxiety disorders. (Tr. 290, 292). With regard to the affective disorders, Dr. Lochner found that claimant's medical records indicated that she had a depressive syndrome characterized by sleep disturbance and decreased energy. (Tr. 290). Further, Dr. Lochner found that claimant suffered from generalized persistent anxiety accompanied by motor tension. (Tr. 292). Dr. Lochner went on to complete a Mental Residual Functional Capacity Assessment, finding that claimant was markedly limited in the following categories: i) ability to understand and remember detailed instructions; ii) ability to carry out detailed instructions; and iii) ability

to interact appropriately with the general public (Tr. 283-84). Her written comments reveal that the claimant "would [have] some difficulties sustaining employment in an ordinary work setting on a regular and continuing basis. [The claimant] would have trouble sustaining work around others in an ordinary work environment." (Tr. 285).

The claimant testified at the administrative hearing that she was attending counseling with a lady named Ramona at Three Rivers Indian Clinic whenever she can afford the gas to drive to the clinic (Tr. 38). She stated that she "gets depressed a lot" and sometimes feels like she does not want to live anymore. (Tr. 39). She testified that she experiences fatigue (which she likened to having the flu every day), her neck locks up frequently, and she has a difficult time being around other people. (Tr. 36, 39).

The claimant contends that the ALJ failed to properly analyze the medical opinions of state reviewing physicians Dr. Lochner and Dr. Bird regarding her mental and physical limitations. Social Security Ruling 96-6p indicates that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at *4. These opinions are to be treated as medical opinions from non-examining sources. *Id*. at *2. Although the ALJ is not bound by a state agency physician's determination, he cannot ignore it and must explain the weight given to the opinion in his decision. *Id*. *See also Valdez v. Barnhart*, 62 Fed. Appx. 838, 841 (10th Cir. 2003) ("If an ALJ intends to rely on a non-examining source's opinion, he must

explain the weight he is giving it.") [unpublished opinion], *citing* 20 C.F.R. § 416.927(f)(2)(ii).

Beyond the discussion at step two, wherein the ALJ found that the claimant had mild limitations in activities of daily living, social functioning, and maintaining concentration, persistence or pace, the ALJ failed to discuss the claimant's complaints of depression, which were supported by medical evidence indicating that she had sought treatment and was prescribed medication for depression (Tr. 243, 244, 307, 308, 317, 330, 331, 333, 334, 429, 489, 554, 555, 557). In doing so, the ALJ wholly failed to even *mention* Dr. Lochner's opinion regarding claimant's mental health limitations. The ALJ committed two errors here. First, the ALJ is required to discuss all of claimant's medically determined impairments at steps four and five, even those impairments he finds non-severe. *Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("In determining the claimant's RFC, the ALJ is required to consider the effect of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [citations omitted] [unpublished opinion]. *See Stokes v. Astrue*, 274 Fed. Appx. 675, 679 (10th Cir. 2008) [unpublished opinion]. Second, the ALJ is required to evaluate all medical opinions of record in accordance with the factors set out in 20 C.F.R. § 416.927(c)(1)-(6) and explain the weight given to each opinion. 20 C.F.R. § 416.927(e)(2)(i) and (ii) ("Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant[.]"). On remand, the ALJ should

discuss Dr. Lochner's opinion and explain the weight he is assigning to it. Further, the ALJ should explain why he failed to include Dr. Lochner's limitations or discuss her written comments indicating that claimant would have difficulty sustaining work on a regular basis.

Turning to Dr. Bird's opinion, the ALJ's only mention of *any* of the state agency opinions of record was that "[t]wo medical experts with the State Agency determined the claimant could perform greater than sedentary work activity" (Tr. 25). But the ALJ wholly failed to explain why the two medical expert opinions he mentioned outweighed the opinion of Dr. Bird (who determined that claimant could perform sedentary work) in accordance with SSR 96-6p and 20 C.F.R. § 416.927(e)(2)(i) and (ii). *Shubargo v. Barnhart*, 161 Fed. Appx. 748, 754 (10th Cir. 2005) ("[T]he agency requires ALJs to weigh all medical source opinion evidence and explain in their decision why they rely on a particular non-examining agency expert's opinion when opinions are conflicting . . . We conclude that this case must be remanded for the ALJ to consider and discuss Dr. Woodcock's medical opinion and to explain why he rejected it in favor of other non-examining consultative opinions.") [unpublished opinion], *citing* 20 C.F.R. § 416.927(e); *Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004); *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

Because the ALJ failed to properly analyze the opinions of Dr. Bird and Dr. Lochner, respectively, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustments to

the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the undersigned Magistrate Judge **PROPOSES** a finding that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence, and accordingly **RECOMMENDS** that the decision of the Commissioner be **REVERSED** and the case **REMANDED** to the ALJ for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 13th day of March, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma